UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NYPPEX, LLC, et al.,

        Plaintiffs,

-against-

FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INC.,

        Defendant.

**ORDER**

22-CV-01528 (PMH)

PHILIP M. HALPERN, United States District Judge:

    On February 23, 2022, the Financial Industry Regulatory Authority, Inc. ("FINRA") filed a Notice of Removal, removing this action from the Supreme Court of the State of New York, County of Westchester, to this Court. (Doc. 1, "Not. of Removal"; Doc. 1-1; Doc. 1-2; Doc. 1-3). On February 24, 2022, NYPPEX, LLC, Michael Schunk, and Laurence Allen (collectively, "Plaintiffs") filed an order to show cause for temporary restraining and preliminary injunction, affidavits in support, and a memorandum of law in support thereof. (Doc. 4). On February 25, 2022, FINRA filed a memorandum of law in opposition. (Doc. 8). On February 25, 22, the Court heard oral argument via telephone on Plaintiffs' motion and FINRA's basis for removal. For the reasons set forth on the record and below, this matter is REMANDED to the Supreme Court of the State of New York, County of Westchester.

    Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute." *United Food & Commercial Workers Union, Local 919 AFL-CIO v. CenterMark Props. Merdien Square, Inc.*, 30 F.3d 298, 303 (2d Cir. 1994) (internal citation omitted). For that reason, parties "cannot waive subject matter jurisdiction

by express consent, conduct, or estoppel because they fail to challenge jurisdiction early in the proceedings." *Id*. (internal citations and quotation marks omitted). If the parties fail to raise this issue, the Court may do so *sua sponte*. FED. R. CIV. P. 12(h)(3); *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62-63 (2d Cir. 2009) (internal citation omitted). This is so because the Court has "an independent obligation to ensure that [it] do[es] not exceed the scope of [its] jurisdiction, and therefore [it] must raise and decide jurisdictional questions that the parties either overlook or elect nor to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (internal citations omitted).

FINRA, in its notice of removal, claims that this Court has subject matter jurisdiction over this dispute because "Plaintiffs' claims arise under federal law under 15 U.S.C. [§] 78aa and 28 U.S.C. [§] 1331 . . . ." (Not. of Removal ¶ 8). The notice of removal states that a federal question exists because "a) the Complaint is a challenge to pending disciplinary actions of FINRA carried out under the detailed procedures of the [Securities Exchange Act of 1934 ("Exchange Act")] and rules enacted by FINRA and approved by the [Securities Exchange Commission ("SEC")] under the under the Exchange Act, and b) Plaintiffs' allegations are an attempt to impose liability on FINRA based on FINRA's actions carrying out its regulatory duties under the Exchange Act and its own SEC-approved rules." (Not. of Removal ¶ 8). While Plaintiffs' sole claim for relief purports to be for breach of contract related to FINRA's by-law obligations, FINRA contends in its notice of removal that such claim arises under federal law within the meaning of 28 U.S.C. § 1331. (*Id*. ¶ 9).

As federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), this Court finds

it lacks subject matter jurisdiction. First and foremost, FINRA, in its response to Plaintiffs' motion for a preliminary injunction and temporary restraining order, flatly contradicts the assertion made in its notice of removal that federal question jurisdiction exists here. (Doc. 8 at 11 ("The comprehensive and exclusive review process established by the Exchange Act deprives federal district courts of subject matter jurisdiction to review FINRA regulatory actions, including the regulatory proceedings at issue here.")). Likewise, Plaintiffs agree that there is no subject matter jurisdiction. (Doc. 4 at 1 ("[T]he complaint deals only with a matter of state law . . . which will be dealt with in a separate motion for remand[.]"); *id*. ("Plaintiffs will be separately moving for remand back to state court . . . .")). The Court's own independent evaluation of the case law cited by the parties confirms that this Court has no subject matter jurisdiction over Plaintiffs' action concerning regulatory disciplinary hearings ongoing at FINRA. *See* (Doc. 8 at 10-11); *see also Hayden v. New York Stock Exch., Inc.*, 4 F. Supp. 2d 335, 340 (S.D.N.Y. 1998) (court lacked subject matter jurisdiction where plaintiff challenged NYSE disciplinary proceeding against him).[1]

## CONCLUSION

Based upon the foregoing, the Court concludes that it has no subject matter jurisdiction to hear Plaintiffs' claim. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Westchester. The Clerk of the Court is respectfully directed to send a copy of this Order forthwith to the Supreme Court of the State of New York, County of Westchester, and to close this action. All pending motions are hereby terminated.

---

[1] The Court need not resolve FINRA's assertion that while federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 to remove the matter, subject matter jurisdiction does not exist to hear the matter. Simply put, this Court cannot adjudicate this action because it lacks the subject matter jurisdiction to do so.

Dated: White Plains, New York
   February 25, 2022

**SO ORDERED:**

_____
Philip M. Halpern
United States District Judge

4