UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NYPPEX, LLC, LAURENCE ALLEN, AND MICHAEL SCHUNK,<br><br>PLAINTIFFS,<br><br>v.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC. (FINRA),<br><br>DEFENDANT. | Civil Action No. 7:22-cv-01528 |

**DEFENDANT FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.'S BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF REMAND ORDER**

John P. Mitchell
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
(212) 248-3140
john.mitchell@faegredrinker.com
Attorneys for Defendant Financial Industry Regulatory Authority, Inc. (FINRA)

ACTIVE.135610261.01

Financial Industry Regulatory Authority, Inc. (FINRA) submits this motion for reconsideration of the Court's Order remanding Plaintiffs' complaint and request for a temporary restraining order and preliminary injunction to New York State court.

## I.   **INTRODUCTION**

During oral argument in connection with Plaintiffs' request for a temporary restraining order and preliminary injunction, the Court concluded it lacked subject-matter jurisdiction to rule on Plaintiffs' claims and that the case should be remanded to state court. Defendant FINRA respectfully requests the Court to reconsider its remand order and issue a ruling denying the Plaintiff's request, or to vacate the order to allow for further briefing on jurisdictional issues.

The Court's jurisdictional inquiry starts with an assessment of whether the removed case presents a federal question because Plaintiffs' claims arise under federal law, 15 U.S.C. § 78aa and 28 U.S.C. § 1331, for multiple reasons, including: a) the Complaint is a challenge to pending FINRA regulatory proceedings to be carried out under the detailed procedures of the Exchange Act and rules enacted by FINRA and approved by the U.S. Securities and Exchange Commission ("SEC") under the Securities Exchange Act of 1934 ("Exchange Act"), and b) Plaintiffs' allegations are an attempt to impose liability on FINRA based on FINRA's actions carrying out its regulatory duties under the Exchange Act and its own SEC-approved rules.

Because there is a federal question for this Court to consider FINRA is not precluded from arguing that Plaintiffs' failed to exhaust their administrative remedies and fail to state a claim. FINRA respectfully requests that this Court reconsider the Order to Remand deny Plaintiffs' request for relief for the grounds set forth in FINRA's opposition.

## II. ARGUMENT

### A. Standard for Relief

A motion for reconsideration is permitted under Local Rule 6.3 when a party points to "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). FINRA removed this case to this Court based on Federal Question grounds.  During oral argument the Court *sua sponte* queried whether it had jurisdiction to consider the Plaintiff's request for temporary restraints and preliminary injunction, and the merits of the underlying Complaint, in response to which FINRA's counsel pointed out that Federal Question jurisdiction provides the basis for removal, but does not preclude the Court from then reviewing all matters before it—including further jurisdictional matters that go to the merits of the underlying Complaint.  The Court then remanded based on lack of jurisdiction.  For the reasons below, we respectfully submit that the Court reconsider its decision.

### B. Plaintiffs' Claim Raises Substantial Questions of Federal Law Conferring Subject Matter Jurisdiction on this Court

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  A case "aris[es] under" federal law if it involves "a cause of action created by federal law" or "state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g. & Mfg.*, 545 U.S. 308, 312 (2005).  While "the question whether a claim 'arises under' federal law must be determined by reference to the 'well pleaded complaint'" (*Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (internal citation omitted)), an "independent corollary to the well-pleaded complaint rule is the further principle that a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Rivet v. Regions Bank*, 522 U.S. 470, 474 (1998) (internal citations

2

omitted).  Indeed, "[i]f a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." *Id*.

Here, although Plaintiffs cloak their claim under the guise of a purported state law claim, the complaint challenges the validity and propriety of FINRA's regulatory proceedings against Plaintiffs.  Jurisdiction is appropriate in this Court because Plaintiffs' Complaint gives rise to federal questions, notwithstanding their pleading of a purported state-law claim to circumvent the exclusive administrative process that Congress created to challenge FINRA regulatory action.  Courts have "'repeatedly found this federal process "to be the 'exclusive route' for obtaining review of [FINRA] disciplinary actions.'" *E.g.*, *Charles Schwab & Co., Inc. v. FINRA*, 861 F. Supp. 2d 1063, 1070 (N.D. Cal. 2012), quoting *Cleantech Innovations, Inc. v. NASDAQ Stock Market, LLC*, No. 11 Civ. 9358 (KBF), 2012 WL 345902, *1-2 (S.D.N.Y. Jan. 31, 2012).  Because Plaintiffs' purported state law claim "is necessarily a challenge to" FINRA's regulatory proceedings, "it follows that the claim comes within the scope of" the statutorily-mandated and exclusive review process related to FINRA disciplinary proceedings, and thus "[a]ny issue raised in this area *is a federal issue justifying removal*." *See Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 262 (8th Cir. 1996) (emphasis added).

Courts have repeatedly held that challenges to FINRA's regulatory actions and rules (not to mention the Exchange Act and regulations thereunder) belong in federal, not state, court. *Turbeville v. Fin. Indus. Regulatory Authority, Inc.*, No. 8:15-CV-2920-T-30EAJ, 2016 U.S. Dist. LEXIS 15634 (M.D. Fla. Feb. 9, 2016); *aff'd*, 2017 U.S. App. LEXIS 21752 (11th Cir. Nov. 1, 2017); *Empire Fin. Grp. v. Fin. Indus. Regulatory Auth., Inc.*, No. 08-80534-CIV-RYSKAMP/VITUNAC, 2009 U.S. Dist. LEXIS 133643, *13-*14 (S.D. Fla. Jan. 15 2009); *Dobbins v. Nat'l Ass'n of Secs.*

*Dealers, Inc.*, No. 5:06CV2968, 2007 U.S. Dist. LEXIS 61767 (N.D. Ohio Aug. 22, 2007); *Whitehall Wellington Invs., Inc. v. Nat'l Ass'n of Secs. Dealers, Inc.*, No. 00-3899 CIVMIDDLEBROOKS; 2000 U.S. Dist. LEXIS 18607 (S.D. Fla. Dec. 7, 2000); *Lowe v. NASD Regulation*, Civ. No. 99-1751 (TFH), 1999 U.S. Dist. LEXIS 19489 (D. D.C. Dec. 14, 1999); s*ee also, Lobaito v. Fin. Indus. Regulatory Authority, Inc.*, No. 13 Civ. 6011 (GBD)(HBP), 2014 U.S. Dist. LEXIS 101052 (S.D.N.Y. July 22, 2014); *recommendation adopted*, 2014 U.S. Dist. LEXIS 126004 (S.D.N.Y. Sept. 9, 2014), *aff'd* 2015 U.S. App. LEXIS 6649 (2d Cir. Apr. 22, 2015).

The distinction between whether there is federal question jurisdiction and subject matter jurisdiction was squarely addressed in *Brown v. NASD,* 2006 U.S. Dist. LEXIS 90657 (N.D. Tex. Dec. 14, 2006). In *Brown*, the district court explained that the two arguments are not mutually exclusive and indeed are often necessary:

> The flaw in the plaintiffs' argument is their inability to comprehend the notion of exclusive federal jurisdiction, as well as the difference between statutory jurisdiction and constitutional jurisdiction. [. . .] By removing this action to federal court, the defendant [NASD] availed itself of the underlying purpose of the exclusive federal jurisdiction – to have a federal court rule on these important preliminary issues. [. . .] In finding that this court did not have subject matter jurisdiction over the instant litigation, this court did not find a deficiency in the statutory grant of authority to the federal courts; rather the court found a constitutional limit to its authority to hear the case.

*Id. at \*16-18.*

Like in *Brown*, this Court's decision to remand does not fully consider that FINRA has established a proper basis for removal because this case presents a federal question within this Court's jurisdiction. FINRA's defense that Plaintiffs' failure to exhaust their administrative remedies denies this court of jurisdiction is mutually exclusive of the Court's determination of whether it has federal question jurisdiction. To hold otherwise, would force FINRA to waive exhaustion of administrative remedies as a basis for dismissal in exchange for litigating the case in

4

federal court. There is no support for such a position. *See Empire Fin. Group, Inc. v. FINRA*, Case No. 08-80534 (S.D. Fla. Jan. 15, 2009) (Court denied motion to remand, and also dismissed complaint on grounds including exhaustion); *see also Mohlman v. FINRA,* 2020 U.S. Dist. LEXIS 31781 (S.D. Ohio Feb. 25, 2020), *aff'd* 2020 U.S. App. LEXIS 32395 (6th Cir. 2020) (dismissing for failure to exhaust administrative remedies following removal from state court).

### III.   CONCLUSION

For the foregoing reasons, FINRA respectfully requests that the Court reconsider its Order to Remand and deny Plaintiffs' application for temporary restraints and a preliminary injunction, or alternatively provide FINRA an opportunity to fully brief the Court on federal question jurisdiction and how FINRA's arguments that the Court lacks subject matter jurisdiction because Plaintiffs' failure to exhaust administrative remedies is a distinct issue not warranting remand.

Dated:  February 25, 2022

                                                        */s/ John P. Mitchell*
John P. Mitchell
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
(212) 248-3140
Attorneys for Defendant Financial Industry Regulatory Authority, Inc. (FINRA)

ACTIVE.135610261.01