UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NYPPEX, LLC, et al.,

                Plaintiffs,

v.

FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INC.,

                Defendant,
-----------------------------------------------------------X

**ORDER**

22-CV-01528 (PMH)

PHILIP M. HALPERN, United States District Judge:

On February 23, 2022, the Financial Industry Regulatory Authority, Inc. ("FINRA") removed this action from the Supreme Court of the State of New York, County of Westchester. (Doc. 1; Doc. 1-1; Doc. 1-2; Doc. 1-3). On February 24, 2022, NYPPEX, LLC, Michael Schunk, and Laurence Allen (collectively, "Plaintiffs") sought by order to show cause for a temporary restraining order and preliminary injunction, supported by affidavits and a memorandum of law. (Doc. 4). On February 25, 2022, FINRA filed a memorandum of law in opposition. (Doc. 8). On February 25, 2022, the Court heard oral argument via telephone on Plaintiffs' motion and FINRA's basis for removal. (Feb. 25, 2022 Min. Entry). On February 25, 2022, the action was remanded to the state court from which it was removed for lack of subject matter jurisdiction. (Doc. 9).

That same day, FINRA filed a motion for reconsideration, a memorandum of law in support thereof, and a proposed order. (Doc. 10; Doc. 10-1, "MFR Br."; Doc. 10-2). Plaintiffs have not filed opposition.[1]

For the reasons that follow, the motion for reconsideration is DENIED.

---

[1] The time for Plaintiffs to file any opposition has not yet expired, however, the Court finds further briefing unnecessary in the circumstances.

**STANDARD OF REVIEW**

"A motion for reconsideration under Local Rule 6.3 is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)). It is appropriate to grant a motion for reconsideration only if the movant points to "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id*. (quoting *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). Such a motion should be denied when "the movant 'seeks solely to relitigate an issue already decided,'" *id*. (quoting *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)), and should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court," *id*. (quoting *DGM Invs., Inc. v. New York Futures Exch., Inc.*, 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003)). The standard for granting reconsideration is "strict." *DGM Invs.*, 288 F. Supp. 2d at 523 (quoting *Dellefave v. Access Temps., Inc.*, No. 99-CV-06098, 2001 WL 286771 (S.D.N.Y. Mar. 21, 2001)). "A motion to reconsider is not intended to give the losing party an opportunity to . . . introduce arguments . . . that could have been presented, but were not, in opposing the original motion." *Caribbean Trading and Fid. Corp. v. Nigerian Nat'l Petroleum*, 948 F.2d. 111, 115 (2d Cir. 1991).

**ANALYSIS**

FINRA, in moving for reconsideration, argues that: (1) the Court should not have remanded this action because federal question jurisdiction constituted an appropriate basis for removal; and (2) the Court could have dismissed the action for Plaintiffs' failure to exhaust their administrative

2

remedies. (MFR Br. at 2-5). Specifically, FINRA argues that Plaintiffs' breach of contract claim "challenges the validity and propriety of FINRA's regulatory proceedings against [them]," and therefore "gives rise to federal questions." (*Id*. at 3). FINRA's motion, however, merely seeks to "relitigate an issue already decided"—namely, whether subject matter jurisdiction exists such that the Court may consider the merits of Plaintiffs' motion for a temporary restraining order and preliminary injunction. *Henderson*, 502 F. Supp. 2d at 376 (quoting *Shrader*, 70 F.3d at 257). In that regard, nothing has changed.

Indeed, there was no "intervening change in controlling law" in the approximately twelve hours between the issuance of the Court's remand order and FINRA's filing of a motion for reconsideration thereof. *Id*. (quoting *Doe*, 709 F.2d at 789). And FINRA fails to cite any "controlling decisions" that the Court "overlooked." *Id*. (quoting *In re BDC 56 LLC*, 330 F.3d at 123). Simply put, FINRA would have preferred that the Court dismiss rather than remand Plaintiffs' action—a result the Court declined. *See also* 28 U.S.C. § 1447(c) (stating that the district court *shall* remand the case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction"); *Zanotti v. Invention Submission Corp.*, No. 18-CV-05893, 2020 WL 2857304, at *10 (S.D.N.Y. June 2, 2020) ("[A]n attempt to have this Court issue rulings on the merits of Plaintiffs' claims, even after the Court has found that it lacks subject matter jurisdiction to do so. . . . would plainly be improper."); *Solucorp Indus., Ltd. v. Goldstein*, No. 11-CV-05920, 2011 WL 7101063, at *3 (S.D.N.Y. Nov. 17, 2011) ("Having decided that it lacks subject matter jurisdiction in this case, the Court also lacks the power to consider defendant's motion to dismiss.").

**CONCLUSION**

For the foregoing reasons, the motion for reconsideration is DENIED. The Clerk is directed to terminate Doc. 10.

**SO ORDERED:**

Dated: White Plains, New York
       March 2, 2022

_____
Philip M. Halpern
United States District Judge